ERIC P. ISRAEL (State Bar No. 132426)
*EPI@LNBYG.COM*
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Ave.
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:15-bk-12721-BB |
| DAMIEN STEPHEN NAVARRO, | Chapter 7 |
| Debtor. | **TRUSTEE'S NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE WITH ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF BRAD D. KRASNOFF AND PETER DE LA CERDA AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** |
| | Date: September 10, 2025<br>Time: 1:00 p.m.<br>Place: Courtroom 1539<br>255 E. Temple St.<br>Los Angeles, CA 90012 |

PLEASE TAKE NOTICE THAT on September 10, 2025, at 1:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 1539 at 255 E. Temple Street, Los Angeles, California, Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the estate of Damien Stephen Navarro (the "Debtor" and the "Estate"), will and hereby does move the Court for an order (the "Motion") approving a Settlement Agreement between the Trustee and the Roman Catholic Archbishop of Los Angeles (the "RCALA") with respect to the Debtor's abuse claims (the "Abuse Claims"), and for authority to allow and pay, on a final basis, the contingency fee of 40% plus expenses of

1

1  $8,171.35 of the Trustee's special litigation counsel, Freese & Goss, PLLC ("Special Counsel")

2  and their co-counsel.

3      The Motion is made on the following grounds:  The only known asset of potential value to

4  the Estate is the Debtor's interest in the Abuse Claims against the RCALA.  The Debtor has had

5  litigation pending for some time against the RCALA (Los Angeles County Superior Court case

6  number 20STCV20378) (the "Litigation").  The proposed settlement resolves the Litigation.

7      The Claims Processor for the RCALA (the "Claims Processor") issued a proposed

8  allocation to the Debtor, which he appealed.  The final allocation is $783,839.36, payable 75% after

9  August 1, 2025, and 25% after April 1, 2026 (the "Settlement Payment" and the "Settlement").

10  There is a reserve of 1.5% for medical liens, although Special Counsel advises that there are no

11  medical liens, so an additional recovery may be received if the Claims Processor confirms that

12  there are no medical liens.  The Trustee notes that the claims filed against the Estate do not appear

13  to include debts for medical bills.

14      The Trustee previously retained the law firm of Freese & Goss, PLLC ("Special Counsel"),

15  together with any of Special Counsel's co-counsel, on a 40% contingency fee basis.  By this

16  motion, the Trustee also seeks to pay Special Counsel and co-counsel their contingency fee plus

17  expenses of $8,171.35.

18      Under a separate, prior a settlement, the Trustee and the Debtor agreed to split evenly

19  (50/50) the net proceeds of any settlement after the fees and costs of Special Counsel and co-

20  counsel.

21      The proposed settlement will allow the Trustee to pay a meaningful distribution to creditors

22  without further delay.  Although it is possible that circumstances will change before the case is

23  closed, the Trustee makes the following projections:

24      Settlement amount (net after medical liens and admin. fee):    $783,839.36

25          Less:  40% contingency fee                          <$313,535.73>

26              Costs                                      <$8,171.35>

27              Subtotal                                   $462,132.28

28      50/50 split with Debtor:                               @$231,066.14

1      Less other admin. expenses (projected, subject to allowance)

2          Trustee (statutory fee)                   $30,685[1]

3          Danning, Gill, Israel & Krasnoff, LLP       $31,648

4          Levene, Neale, Bender, Yoo & Golubchik L.L.P.(estimate) $30,000

5          Accountants (estimate)                $7,500

6          Reserve                       $10,000

7          Subtotal for Creditors (estimated)       $121,233.14

8      At this time, 4 proofs of claim have been filed against the Estate aggregating $192,022.67.

9      By the Motion, the Trustee seeks approval of the Settlement and authority to pay Special

10  Counsel and its co-counsel their 40% contingency fee plus expenses of $8,171.35.

11      The Motion will be based on this notice and Motion, the Memorandum of Points and

12  Authorities, the Declarations of Brad D. Krasnoff and Peter De La Cerda and the Request for

13  Judicial Notice, all of which are attached hereto, the papers and pleadings in the Debtor's

14  bankruptcy case, and such other evidence that may be presented at the hearing.  For further

15  information, see the Motion.

16      NOTICE IS HEREBY FURTHER GIVEN that, pursuant to Local Bankruptcy Rule 9013-

17  1(f), any response to the Motion shall be in writing, filed with the Court and served upon counsel

18  for the Trustee named in the upper left-hand corner of this notice, and the United States Trustee,

19  915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017, not less than 14 days before the

20  hearing.  Failure to do so may be deemed to be consent to the granting of the Motion.

21  DATED:  August 14, 2025           LEVENE, NEALE, BENDER, YOO & GOLUBCHIK
                              L.L.P.

22

23                          By:       */s/ Eric P. Israel*
                              ERIC P. ISRAEL

24                                Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

25

26

27

28  [1]  Based on $783,839.36 of total distributions, less $231,066.14 going to the Debtor.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

**A.    Bankruptcy Background**

On or about February 24, 2015, Damien Stephen Navarro (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").  Brad D. Krasnoff was appointed as the Chapter 7 trustee for the Debtor's estate.

On or about October 29, 2015, the Debtor's case was closed in error.  *Docket no. 51.* Pursuant to an order entered on or about November 2, 2015, the Court vacated the closing of the case.

No assets appearing to be of any material value for creditors,[2] on or about May 5, 2015, the Trustee filed his report of no assets.  On or about January 5, 2017, the case was closed again.

On or about May 15, 2020, the United States Trustee filed a motion to reopen the Debtor's case based upon a newly discovered asset – the Lawsuit discussed below [*docket no. 70*], and that motion was granted by order entered on or about May 18, 2020.  *Docket no. 71.*

Brad D. Krasnoff thereafter was reappointed as the Chapter 7 trustee for the Debtor's estate and continues to serve in that capacity.

**B.    The Lawsuit**

The Trustee is informed that as of approximately January 1, 2020, the State of California passed a law reopening the window that allowed previously barred childhood sexual abuse cases to be pursued for 3 years.  After that date, the Debtor commenced a lawsuit against the Roman Catholic Archbishop of Los Angeles (""RCALA") in California Superior Court, case no. 20STCV20378 (the "Lawsuit").  The Trustee is advised that numerous other plaintiff victims filed

---

[2]  By order entered on or about April 19, 2016, the Trustee left unadministered an unrelated judgment. *Docket no. 65.*

1   suits against the RCALA during that window, and the matters were consolidated and sent to

2   mediation.

3   **C.**    **The Trustee's Employment of Special Counsel and Settlement with the Debtor**

4       After the case was reopened, with Court approval, the Trustee retained the law firm of

5   Freese & Goss, PLLC as special litigation counsel to handle the Lawsuit ("Special Counsel").

6   *Docket no. 84.*  Special Counsel was retained on a 40% contingency fee basis.  Exhibit "2" to the

7   Request for Judicial Notice.

8       As fully disclosed in its employment application and in the Contingency Agreement

9   attached thereto, the Contingency Fee is to be shared by and among Freese and Goss, PPLC and

10  others (collectively "Co-Counsel").  *Docket no. 78, p.6.*  The disclosure is as follows:

11      The 40% attorney's fees deducted from your gross recovery, if
    any, shall be split among the attorneys: 20% to The Schroeder
12  Firm, LLC, 138 33rd Avenue S., Jacksonville Beach, FL
    32250, 25% to Freese & Goss, PLLC, 3500 Maple Avenue,
13  Suite 1100, Dallas, TX 75219, 25% to Matthews &
    Associates, 2905 Sackett St., Houston, TX 77098 and 30% to
14  Ferrer Poirot & Wansbrough, 2603 Oak Lawn Avenue, Suite
    300, Dallas, TX 75219-9109, 800-521-4492.

15      The Contingency Agreement also discloses that these counsel may employ additional co-

16  counsel in the handling of this matter, at no increase to the 40% contingency fee.  *Docket no. 78, p.*

17  *6.*  Edwards & De La Cerda, PLLC was employed as local counsel, as attorney Peter De La Cerda

18  is licensed to practice in California state court.  *Declaration of Peter De La Cerda, p. 1.*  Edwards

19  & De La Cerda, PLLC's fee for acting as local counsel is 10% of the total attorney's fee.  *Id.*

20      Around the same time, with Court approval, the Trustee entered into a settlement with the

21  Debtor whereby the Trustee and the Debtor would split evenly (50/50) any recovery from the

22  Lawsuit after paying Special Counsel's contingency fee and costs.  *Docket no. 83.*

23  **D.**    **The Proposed Settlement**

24      The Debtor received notification of a global settlement with the RCALA that involved

25  creating a fund, setting up a procedure to allocate recoveries to plaintiff victims, appointing a

26  Claims Processor (the "Claims Processor") and establishing a process to appeal awards.  The

27  rulings on appeal of the allocations are final.

28

1    The Debtor received notification of his proposed allocation, but he was dissatisfied with the

2    proposed allocation.  Pursuant to the procedures for the global settlement, the Debtor appealed.

3    After appeal, the Debtor has received a Final Determination Notice at $783,839.36, payable

4    75% after August 1, 2025, and 25% payable after April 1, 2026 (the "Allocation" and the

5    "Allocation Notice").  A copy of the Allocation Notice is attached to the Krasnoff Declaration as

6    Exhibit "1".  The Trustee is prepared to accept that Allocation.  The parties will also trade mutual,

7    limited releases.

8    **E.**       **The Effect of the Allocation on Creditors**

9    The claims bar date in the Debtor's case passed on September 1, 2020.  *Docket no. 75.*

10   Although the precise numbers will not be fixed until the case is ready to close, and professional

11   fees are allowed by the Court, the Trustee makes the following projections with the best

12   information he has at present:

13   Settlement amount (net after medical liens and admin. fee): $783,839.36

14           Less:          40% contingency fee                <$313,535.73>

15                          Costs                              <$8,171.35>

16           Subtotal                                         $462,132.28

17   50/50 split with Debtor:                                 @$231,066.14

18   Less other admin. expenses (projected, subject to allowance)

19   Trustee (statutory fee)                                  $30,685

20   Danning, Gill, Israel & Krasnoff, LLP                    $31,648

21   Levene, Neale, Bender, Yoo & Golubchik L.L.P. (estimate) $30,000

22   Accountants (estimate)                                   $7,500

23   Reserve                                                  $10,000

24   Subtotal for Creditors (estimated)                       $121,233.14

25   The Trustee has confirmed with the Trustee's proposed accountants that tax returns will

26   need to be filed as a result of the receipt of the settlement payment, but no administrative taxes are

27   projected to be due.

28   / / /

1     The claims bar date in this case passed on September 1, 2020.  *Docket no. 75*.  At this time,

2  4 proofs of claim have been filed against the Estate aggregating $192,022.67.  As a result, the

3  Trustee believes at this time that a significant distribution will be available for creditors.

4  **F.     Requested Relief**

5     The Trustee respectfully requests that the Court grant this Motion, approve the settlement

6  and allow and authorize the Trustee to pay the 40% contingency fee to Special Counsel and Co-

7  Counsel, plus costs of $8,171.35, on a final basis.  The Trustee further prays for all other

8  appropriate relief.

9

10                                   **II.**

11                                **ARGUMENT**

12  **A.     Approval of the Allocation is Appropriate**

13     The Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334

14  and 157 and Federal Rules of Bankruptcy Procedure 9019.  This is a core proceeding under 28

15  U.S.C. § 157(b)(2)(A), (B), (E), (M) and (O).

16     Federal Rule of Bankruptcy Procedure 9019(a) provides:  "On motion by the trustee and

17  after a hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a)

18  and to such other entities as the court may designate, the court may approve a compromise or

19  settlement."

20     The Supreme Court, in *Protective Committee for Independent Stockholders of TNT Trailer*

21  *Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968), held that a bankruptcy court, in considering

22  whether to approve a compromise, should:

23                apprise [itself] of all facts necessary for an intelligent and objective
              opinion of the probabilities of ultimate success should the claim be
24            litigated.  Further, the judge should form an educated estimate of the
              complexity, expense and likely duration of such litigation, the
25            possible difficulties in collection on any judgment which might be
              obtained, and all other factors relevant to a full and fair assessment
26            of the wisdom of the proposed compromise.

27  The Ninth Circuit has clarified the inquiry as follows:

28

> In determining the fairness, reasonableness and adequacy of a
> proposed compromise, the court must consider:  (a) probability of
> success in litigation, (b) the difficulties, if any, to be encountered in
> the matter of collection, (c) the complexity of litigation involved,
> and the expense, inconvenience and delay necessarily attending it,
> and (d) the paramount interest of the creditors and a proffered
> deference to their reasonable views in the premises.

*In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986) (citations omitted), *cert. denied*, 479 U.S. 854, 107 S. Ct. 189 (1986).

The Trustee, the party proposing the compromise, admittedly has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved.  *Id.* Although "the objections of creditors to the compromise must be afforded due deference, such objections are not controlling . . . [W]hile the court must preserve the rights of the creditors, it must also weigh certain factors to determine whether the compromise is in the best interest of the bankrupt estate." *Id.* at 1382 (citations omitted).

The bankruptcy court has wide latitude and discretion in evaluating a proposed compromise because the judge is "uniquely situated to consider the equities and reasonableness." *United States v. Alaska National Bank (In re Walsh Construction, Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982) (citations omitted).  The Ninth Circuit has further stated:

> A compromise agreement allows the trustee and the creditors to
> avoid the expenses and burdens associated with litigating "sharply
> contested and dubious" claims.  (citations omitted)  The bankruptcy
> court need not conduct an exhaustive investigation into the validity
> of the asserted claim.  (citations omitted)  It is sufficient that, after
> apprising itself of all facts necessary for an intelligent and objective
> opinion concerning the claim's validity, the court determines that
> either (1) the claim has a "substantial foundation" and is not "clearly
> invalid as a matter of law," or (2) the outcome of the claim's
> litigation is "doubtful."  (citations omitted).

*Id.* at 1328.

It is also true that the Court is not "to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  *In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984) (quoting *In re W. T. Grant & Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (emphasis added), *cert. denied*, 464 U.S. 822 (1983)), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985)).

1.   <u>Probability of Success in Litigation</u>

Many law firms are representing many plaintiffs in various lawsuits of the kind set forth in the Lawsuit against the RCALA.  The incidents go back many years, when the Debtor was a child. Litigation of such claims is involved.  In particular, fixing damages for such claims is difficult.

Based upon the attached Declaration of Peter DeLaCerda, the lead attorney handling the matter for the Debtor and the Trustee as his Special Counsel, the Trustee believes that the settlement is appropriate.  Litigation would otherwise be complex and lengthy, and recovery against the RCALA may well not exceed the allocation obtained.  In fact, lawsuits against other archdioceses have been followed by bankruptcy filings where settlements could not be reached, resulting in long delays and uncertain recoveries.

Again, the Trustee anticipates receiving $231,066.14 from the Allocation, and netting over $121,000 after estimated administrative expenses, which is projected to be enough to make a sizable distribution to creditors who have filed claims as of this time.  This is already an aged bankruptcy case, having been filed in 2015.  The Trustee believes that accepting the Allocation, which in any event is final under the rules of the settlement, is really the only alternative here.

The Trustee believes that this factor strongly supports the proposed settlement.

2.   <u>Complexity of the Litigation Involved</u>

As mentioned, the issues are quite involved and complex.  The Debtor would need to testify about events that occurred when he was a child, evoking painful memories.  The Trustee understands that fixing damages in such a circumstance is also difficult and complex.

The Trustee believes that this factor also strongly supports a settlement.

3.   <u>Difficulties in Collection</u>

The Trustee understands that there are many similar lawsuits against the RCALA and that collection is a serious issue.  The Trustee understands that the RCALA threatened to file bankruptcy itself if it was unable to reach a consensual global settlement.

The Trustee believes that this factor also strongly supports a settlement.

1      4.    <u>Paramount Interest of Creditors</u>

2      The proposed settlement will allow the Trustee to generate a sizable estate without further

3  delays.  This is a 2015 case – quite aged.  Accepting payment now will allow the Trustee to close

4  the case sooner.

5      At this time, four proofs of claim have been filed against the Estate aggregating

6  approximately $192,022.67.  The Trustee projects that the proposed allocation will be sufficient to

7  make a sizable distribution to creditors after administrative expenses.  See the projections above.

8      The Trustee submits that this factor also weighs heavily in favor of approving the proposed

9  settlement.

10      Based largely upon the expertise and experience of Special Counsel, the Trustee believes

11  that the proposed Allocation is fair and equitable and should be approved.

12

13  **B.**    **<u>The Court Should Allow and Authorize Payment of Special Counsel's Contingency</u>**

14      **<u>Fee and Costs</u>**

15      The terms of employment of Special Counsel are 40% of the gross recovery, plus costs of

16  $8,171.35.  The fees are calculated to be $313,535.73.  Costs incurred are itemized on Exhibit "3"

17  and aggregate $8,171.35.  As a result, the Trustee requests that the Court allow Special Counsel on

18  a final basis fees of $313,535.73 and costs of $8,171.35.

19      1.    <u>Disclosure of Sharing of Compensation</u>

20      As fully disclosed in its employment application and in the Contingency Agreement

21  attached thereto, the Contingency Fee is to be shared by and among Freese and Goss, PPLC and

22  others ("Co-Counsel").  *Docket no. 78, p.6.*  The disclosure is as follows:

23          The 40% attorney's fees deducted from your gross recovery, if
        any, shall be split among the attorneys: 20% to The Schroeder

24          Firm, LLC, 138 33rd Avenue S., Jacksonville Beach, FL
        32250, 25% to Freese & Goss, PLLC, 3500 Maple Avenue,

25          Suite 1100, Dallas, TX 75219, 25% to Matthews &
        Associates, 2905 Sackett St., Houston, TX 77098 and 30% to

26          Ferrer Poirot & Wansbrough, 2603 Oak Lawn Avenue, Suite
        300, Dallas, TX 75219-9109, 800-521-4492.

27

28

The Contingency Agreement also discloses that these counsel may employ additional co-counsel in the handling of this matter, at no increase to the 40% contingency fee. *Docket no. 78, p.6.* Edwards & De La Cerda, PLLC was employed as local counsel, as attorney Peter De La Cerda is licensed to practice in California state court. *Declaration of Peter De La Cerda, p. 1.* Edwards & De La Cerda, PLLC's fee for acting as local counsel is 10% of the total attorney's fee. *Id.*

As such, the Trustee requests allowances, on a final basis, and authority to make payments, also on a final basis, as follows:

| Firm | Fees | Costs |
|------|------|-------|
| Edwards & De La Cerda, PLLC | $31,353.57 | $0 |
| The Schroeder Firm (20%) | $56,436.43 | $0 |
| Freese & Goss, PLLC  (25%) | $70,545.54 | $8,171.35 |
| Matthews & Associates (25%) | $70,545.54 | $0 |
| Ferrer  Poirot & Wansbrough  (30%) | $84,654.65 | $0 |

Because the settlement payment is to be made in 2 or more installments, Freese and Goss and Co-Counsel are proposed to be paid their applicable percentages pro-rata as payments are received.

## III.

## CONCLUSION

Based upon the foregoing, the Trustee respectfully requests that the Court:

1.      Grant the Motion in its entirety;

2.      Approve the Allocation;

3.      Authorize the Trustee to accept payment under the Allocation in full satisfaction of his interest in the Lawsuit;

4.      Authorize the Trustee to dismiss the Lawsuit;

5.      Allow fees of 40%, or $313,535.73, and costs of $8,171.35, to Freese & Goss, PLLC and Co-Counsel, on a final basis, and authorize the Trustee to pay those firms those sums, on a final basis, as follows:

| Firm | Fees | Costs |
|------|------|-------|
| Edwards & De La Cerda, PLLC | $31,353.57 | $0 |
| The Schroeder Firm (20%) | $56,436.43 | $0 |
| Freese & Goss, PLLC  (25%) | $70,545.54 | $8,171.35 |
| Matthews & Associates (25%) | $70,545.54 | $0 |
| Ferrer  Poirot & Wansbrough  (30%) | $84,654.65 | $0 |

6.      Authorize the Trustee to take any and all steps necessary to effectuate the Agreement;

7.      Approve the sufficiency of the notice of hearing on the Motion, a copy of which is attached to the Krasnoff Declaration as Exhibit "4"; and

8.      Provide such other and further relief as the Court deems just and proper.

DATED:  August 14, 2025                    LEVENE, NEALE, BENDER, YOO & GOLUBCHIK
                                           L.L.P.

                                           By:    _____*/s/ Eric P. Israel*_____
                                                  ERIC P. ISRAEL
                                                  Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

1                    **DECLARATION OF BRAD D. KRASNOFF**

2          I, Brad D. Krasnoff, declare as follows:

3          1.        I am the Chapter 7 trustee for the bankruptcy estate of Damien Stephen Navarro (the

4     "Debtor").  I have personal knowledge of the facts in this declaration, except for those matters that

5     are based upon information and belief, and as to such matters,30,685I believe such matters to be

6     true.  If called as a witness, I could testify competently to these facts.

7          2.        This declaration is being filed in support of my Motion to Approve Compromise

8     with Roman Catholic Archbishop of Los Angeles (the "Motion").

9          3.        Through my special litigation counsel, Freese and Goss, PLLC ( "Special Counsel"),

10    I have received an allocation on behalf of the Debtor, subject to Court approval (the "Allocation"

11    and "Allocation Notice").  Attached hereto, marked as Exhibit "1", and incorporated herein by this

12    reference is a true and correct copy of the Allocation Notice which I received and am proposing to

13    the Court for approval.

14         4.        I have read the terms of the Allocation.  In large part based upon the attached

15    Declaration of Peter DeLaCerda, I believe that the Allocation is fair and equitable and should be

16    approved, for the reasons set forth in the Motion.

17         5.        I make the following projections based upon the Allocation:

18    Settlement amount (net after medical liens and admin. fee): $783,839.36

19              Less:          40% contingency fee              <$313,535.73>

20                            Costs                            <$8,171.35>

21              Subtotal                                       $462,132.28

22    50/50 split with Debtor:                                @$231,066.14

23    Less other admin. expenses (projected, subject to allowance)

24              Trustee (statutory fee)                         $30,685

25              Danning, Gill, Israel & Krasnoff, LLP            $31,648

26              Levene, Neale, Bender, Yoo & Golubchik L.L.P.(estimate) $30,000

27              Accountants (estimate)                          $7,500

28              Reserve                                         $10,000

1      Subtotal for Creditors (estimated)               $121,233.13

2      6.     The claims bar date in this case passed on September 1, 2020. *Docket no. 75*. At

3 this time, 4 proofs of claim have been filed against the Estate aggregating $192,022.67. As a result,

4 I believe at this time that a significant distribution will be available for creditors.

5      7.     I confirmed with my proposed accountants that tax returns will need to be filed for

6 the Estate as a result of the receipt of the settlement payment, but no administrative taxes are

7 projected to be due.

8

9      I declare under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct.

11      Executed at Los Angeles, California on August 14, 2025.

12

13                                 BRAD D. KRASNOFF

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF PETER DE LA CERDA

I, Peter De La Cerda, declare as follows:

1.     I am *of counsel* to Freese & Goss, PLLC, the duly employed special litigation counsel for Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Damien Stephen Navarro (the "Debtor").  I have personal knowledge of the facts in this declaration, except for those matters that are based upon information and belief, and as to such matters, I believe such matters to be true.  If called as a witness, I could testify competently to these facts.

2.     This declaration is being filed in support of the Trustee's Motion to Approve Compromise with Roman Catholic Archbishop of Los Angeles (the "Motion").

3.     A true and correct copy of the Allocation Notice is attached hereto, marked as Exhibit "1" and incorporated herein by this reference.

4.     I am familiar with the terms of the Allocation Notice (Exhibit "1") and the underlying settlement.  I believe that the Allocation is fair and equitable to the Debtor and the Trustee and should be approved, for the reasons set forth in the Motion.

5.     Under the Contingency Agreement with the Debtor, the contingency fee is to be shared by and among Freese & Goss, PPLC and others (collectively "Co-Counsel") as follows: The 40% attorney's fees deducted from your gross recovery, if any, shall be split among the attorneys: 20% to The Schroeder Firm, LLC, 138 33rd Avenue S., Jacksonville Beach, FL 32250, 25% to Freese & Goss, PLLC, 3500 Maple Avenue, Suite 1100, Dallas, TX 75219, 25% to Matthews & Associates, 2905 Sackett St., Houston, TX 77098 and 30% to Ferrer Poirot & Wansbrough, 2603 Oak Lawn Avenue, Suite 300, Dallas, TX 75219-9109, 800-521-4492.

6.     The Contingency Agreement also discloses that these counsel may employ additional co-counsel in the handling of this matter, at no increase to the 40% contingency fee. Edwards & De La Cerda, PLLC was employed as local counsel, as attorney Peter De La Cerda is licensed to practice in California state court.  Edwards & De La Cerda, PLLC's fee for acting as local counsel is 10% of the total attorney's fee.  Thus, the appropriate split of the 40% contingency fee is as follows:

| Firm | Fees | Costs |
| --- | --- | --- |
| Edwards & De La Cerda, PLLC | $31,353.57 | $0 |
| The Schroeder Firm (20%) | $56,436.43 | $0 |
| Freese & Goss, PLLC  (25%) | $70,545.54 | $8,171.35 |
| Matthews & Associates (25%) | $70,545.54 | $0 |
| Ferrer  Poirot & Wansbrough  (30%) | $84,654.65 | $0 |

7.      Freese & Goss, PLLC's costs advanced for the Debtor's case are attached hereto, marked as Exhibit "3" and incorporated herein by this reference.

8.      Because the Settlement payment is to be made in 2 or more installments, Freese and Goss and Co-Counsel are to be paid their applicable percentages pro-rata as payments are received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Dallas, Texas, on August **12**, 2025.

PETER DE LA CERDA

**REQUEST FOR JUDICIAL NOTICE**

Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the estate of Damien Stephen Navarro (the "Debtor"), respectfully requests that the Court take judicial notice of the following facts in the Court's files:

**A.    Bankruptcy Background**

1.    On or about February 24, 2015, Damien Stephen Navarro (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").  Brad D. Krasnoff thereafter was appointed as the Chapter 7 trustee for the Debtor's estate (the "Estate").

2.    On or about October 29, 2015, the Debtor's case was closed in error.  *Docket no. 51.*  Pursuant to an order entered on or about November 2, 2015, the Court vacated the closing of the case.

3.    No assets appearing to be of any material value for creditors, [3] on or about May 5, 2015, the Trustee filed his report of no assets.  On or about January 5, 2017, the case was closed again.

4.    On or about May 15, 2020, the United States Trustee filed a motion to reopen the Debtor's case based upon a newly discovered asset – the Lawsuit discussed below [*docket no. 70*], and that motion was granted by order entered on or about May 18, 2020.  *Docket no. 71.*

5.    Brad D. Krasnoff thereafter was reappointed as the Chapter 7 trustee for the Debtor's estate and continues to serve in that capacity.

**B.    The Trustee's Employment of Special Counsel and Settlement with the Debtor**

6.    After the case was reopened, with Court approval, the Trustee retained the law firm of Freese & Goss, PLLC as special litigation counsel to prosecute the lawsuit ("Special Counsel").  *Docket no. 84.*  Special Counsel was retained on a 40% contingency fee basis.  A true and correct copy of that order is attached hereto, marked as Exhibit "2" and incorporated herein by this

---

[3]  By order entered on or about April 19, 2016, the Trustee left unadministered an unrelated judgment.  *Docket no. 65.*

1   reference.  Disclosure was made in the employment application that Special Counsel would retain

2   other counsel to aid them in the litigation.  *Docket no. 78, p.6.*

3         7.      Around the same time, with Court approval, the Trustee entered into a settlement

4   with the Debtor whereby the Trustee and the Debtor would split evenly (50/50) any recovery from

5   the Lawsuit after paying Special Counsel's contingency fee and costs.  *Docket no. 83.*

6         8.      The claims bar date in this case passed on September 1, 2020.  *Docket no. 75*.  At

7   this time, 4 proofs of claim have been filed against the Estate aggregating $192,022.67.

8

9   DATED:  August 14, 2025               LEVENE, NEALE, BENDER, YOO & GOLUBCHIK
    L.L.P.

10

11                          By:         */s/ Eric P. Israel*

12                            ERIC P. ISRAEL
                             Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

# RCALA SETTLEMENT PROGRAM

## FINAL DETERMINATION NOTICE
## DATE OF NOTICE: July 31, 2025

This is an official Notice from the Claims Processor for the Roman Catholic Archbishop of Los Angeles ("RCALA") Settlement Program. This Notice is to inform you of the final determination regarding your Abuse Claim under the RCALA Settlement Program and your *pro rata* allocation from the unspent 10% that was used for any timely Reconsideration requests.

## I. CLAIMANT INFORMATION

| Name | Last | | First | | Middle |
|------|------|--|-------|--|--------|
| | Navarro | | Damien | | Stephen |

| PL ID | 71 | **Primary Counsel** | Matthews & Associates |
|-------|----|--------------------|-----------------------|

## II. EXPLANATION

The Allocation Protocol adopted in this Settlement Program sets forth the sole and exclusive method by which Claimants may receive a settlement distribution for their Abuse Claims. The Honorable Daniel Buckley (Ret.) is both the appointed Claims Administrator and the Abuse Claim Reviewer ("ACR") for this Settlement Program.  Judge Buckley determined individual Monetary Distribution Amounts for each Claimant under the provisions of the Allocation Protocol and processed any timely Reconsideration requests submitted by Claimants before the July 17, 2025 deadline.  Your final Monetary Distribution amount is below, and this amount cannot be challenged or appealed further under Section 6.e of the Allocation Protocol.

As required by the Allocation Protocol, the Claims Administrator withheld 10% of the total Settlement Fund for any timely submitted Reconsideration requests. After processing all Reconsideration requests, your additional pro rata amount of the remaining Reserve Fund is below in Section III, Row 2 of this Notice. If you submitted a Reconsideration request, the $1,650 administrative fee for such request has been deducted below in Row 5.

## III. FINAL MONETARY DISTRIBUTION AMOUNT

| | | |
|---|---|---|
| 1. | Monetary Distribution Determination: | $769,035.00 |
| 2. | Pro Rata Amount from Unspent 10% Reserve Amount: | $28,416.13 |
| 3. | Final Allocated Settlement Amount (*Row 1 + Row 2*): | $797,451.13 |
| 4. | CMO 6 Withholding of 1.5% (*See Section IV.A*): | $11,961.77 |
| 5. | Deduction for Administrative Fee for Reconsideration Request (if applicable): | $1,650.00 |
| 6. | Net Monetary Distribution Amount (*Row 3 – Row 4 – Row 5):* | $783,839.36 |
| 7. | Reserve Amount for Medical Liens (*See Section IV.B*): | $0.00 |



| 8. | Final Net Monetary Distribution Amount (*your lawyer will deduct attorneys' fees and/or costs from this amount*): | $783,839.36 |
|---|---|---|
| | **(a) 75% Amount Available for Distribution After August 1, 2025:** | $587,879.52 |
| | (b) 25% Amount Available for Distribution After April 1, 2026: | $195,959.84 |

## IV. MANDATORY DEDUCTIONS FROM MONETARY DISTRIBUTION AMOUNT

### A. Deduction for CMO 6 Withholding

The Court entered Case Management Order Addendum No. 6 ("CMO 6") that requires the withholding of 1.5% of the total settlement amount from each Claimant to pay for administrative costs and to reimburse the Plaintiffs' Liaison Committee for common litigation costs and costs associated with negotiating the terms of the Settlement Program with RCALA. This 1.5% withholding is Court-ordered and cannot be challenged or reduced.

### B. Reserve Amount for Potential Medical Liens

Section 7.g of the Global Settlement Term Sheet provides that each Claimant shall bear his or her own medical costs and lien expenses, and that no payments can be made to any Claimant unless and until any asserted reimbursement amount(s) by Medicare and/or California Medi-Cal have been resolved. The Claims Processor is charged with identifying and resolving any potential liens by Medicare and/or California Medi-Cal ("Medical Liens") and reports: (1) California Medi-Cal agreed to our request for a waiver of any possible reimbursement amounts that the agency paid for services to any eligible claimants, which means Claimants will owe nothing to Medi-Cal (the California Department of Health Care Services); and (2) the Medicare Central Office agreed to our waiver request for any abuse that ended before December 5, 1980, which means that approximately four percent of eligible Claimants have a *potential* reimbursement amount to Medicare from the Claimant's settlement award. We are auditing the files from Medicare to determine if the alleged charges pertain to the abuse being compensated by this Settlement Program.

For any Claimant that has a potential Medical Lien reimbursement obligation, we are required to hold back a 20 percent Reserve Amount while we negotiate and finalize any potential repayment obligations to Medicare. The Reserve Amount will be used only to pay finalized Medical Liens and the $500 lien administration fee for auditing and negotiating the final repayment amount to Medicare. Any excess funds from the Reserve Amount will be released to you thereafter.

## V. IF YOU NEED MORE INFORMATION

Plaintiffs should contact their Primary Counsel with any questions about this Notice if represented by a lawyer. Visit the website www.rcalasettlementprogram.com or contact us using one these methods below if you are not represented by a lawyer:

| Phone | Mail | Email |
|---|---|---|
| (855) 794-7818 | RCALA Settlement Program Claims Processor P.O. Box 85006 Richmond, VA 23285 | ClaimsProcessor@rcalasettlementprogram.com |



EXHIBIT "2"

1    ZEV SHECHTMAN (State Bar No. 266280)
      *zs@DanningGill.com*

2    SONIA SINGH (State Bar No. 311080)
      *ssingh@DanningGill.com*

3    DANNING, GILL, ISRAEL & KRASNOFF, LLP
      1901 Avenue of the Stars, Suite 450

4    Los Angeles, California 90067-6006
      Telephone:    (310) 277-0077

5    Facsimile:     (310) 277-5735
      Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

6

7

**FILED & ENTERED**

**JUL 27 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis     DEPUTY CLERK

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11    In re                             Case No. 2:15-bk-12721-BB

12    DAMIEN STEPHEN NAVARRO,        Chapter 7

13           Debtor.             **ORDER GRANTING TRUSTEE'S**
                                    **APPLICATION TO EMPLOY FREESE &**

14                                     **GOSS, PLLC AS SPECIAL LITIGATION**
                                    **COUNSEL FOR CHAPTER 7 TRUSTEE**

15                                     **ON A CONTINGENCY FEE BASIS**
                                    **SUBJECT TO MODIFICATION UNDER**

16                                     **11 U.S.C. § 328 [Doc No. 78]**

17                              [No Hearing Required]

18

19

20         On July 2, 2020, Brad D. Krasnoff, Chapter 7 Trustee (the "Trustee") of the estate of

21    Damien Stephen Navarro (the "Debtor"), filed a Notice of Application and Application to Employ

22    Freese & Goss, PLLC ("Freese & Goss") as Special Litigation Counsel for Chapter 7 Trustee on a

23    Contingency Fee Basis Subject to Modification Under 11 U.S.C. § 328 (the "Application," *docket*

24    *no. 78*).  It appears from the Application that it is necessary that the Trustee employ Freese & Goss

25    as his special litigation counsel.  It also appears that Freese & Goss and its partners and employees

26    do not hold or represent any interest adverse to the Debtor, the estate or any creditors in the matter

27    upon which counsel is to be engaged, and that the employment of Freese & Goss is in the best

28    interest of the estate.

1600573.1  1512721A                     1

1    The Court having read and considered the Application and all the papers filed in support

2    thereof, having noted no opposition thereto, having found that notice of the Application was

3    adequate and proper, and good cause appearing,

4    **IT IS HEREBY ORDERED** that:

5    1.    The Application is **GRANTED** in its entirety.

6    2.    The Trustee is authorized to employ and compensate Freese & Goss as his special

7    litigation counsel at the expense of the estate, on a contingency fee basis under 11 U.S.C. § 328 and

8    upon the other terms described in the Application.

9

10                                        ###

11

12

13

14

15

16

17

18

19

20

21

22

23

24    Date: July 27, 2020

                                        Sheri Bluebond
25                                      United States Bankruptcy Judge

26

27

28

1600573.1  1512721A                          2

# EXHIBIT "3"

1   ERIC P. ISRAEL (State Bar No. 132426)
    *EPI@LNBYG.COM*
2   LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
    2818 La Cienega Ave.
3   Los Angeles, California 90034
    Telephone: (310) 229-1234
4   Facsimile: (310) 229-1244

5   Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

6

7                   **UNITED STATES BANKRUPTCY COURT**

8                   **CENTRAL DISTRICT OF CALIFORNIA**

9                        **LOS ANGELES DIVISION**

| | |
|---|---|
| 10  In re | Case No. 2:15-bk-12721-BB |
| 11  DAMIEN STEPHEN NAVARRO, | Chapter 7 |
| 12              Debtor. | **TRUSTEE'S NOTICE OF HEARING ON MOTION TO APPROVE COMPROMISE WITH ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES** |
| 13 | |
| 14 | Date:      September 10, 2025 |
| 15 | Time:      1:00 p.m. |
| 16 | Place:     Courtroom 1539 |
|  |                 255 E. Temple St. |
| 17 |                 Los Angeles, CA 90012 |

18        PLEASE TAKE NOTICE THAT on September 10, 2025, at 1:00 p.m., or as soon thereafter

19   as the matter may be heard, in Courtroom 1539 at 255 E. Temple Street, Los Angeles, California,

20   Brad D. Krasnoff, the Chapter 7 trustee (the "Trustee") for the estate of Damien Stephen Navarro

21   (the "Debtor" and the "Estate"), will and hereby does move the Court for an order (the "Motion")

22   approving a Settlement Agreement between the Trustee and the Roman Catholic Archbishop of

23   Los Angeles (the "RCALA") with respect to the Debtor's abuse claims (the "Abuse Claims"), and

24   for authority to allow and pay, on a final basis, the contingency fee of 40% plus expenses of

25   $8,171.35 of the Trustee's special litigation counsel, Freese & Goss, PLLC ("Special Counsel")

26   and their co-counsel.

27        The Motion is made on the following grounds:  The only known asset of potential value to

28   the Estate is the Debtor's interest in the Abuse Claims against the RCALA.  The Debtor has had

                                    1

litigation pending for some time against the RCALA (Los Angeles County Superior Court case number 20STCV20378) (the "Litigation").  The proposed settlement resolves the Litigation.

The Claims Processor for the RCALA (the "Claims Processor") issued a proposed allocation to the Debtor, which he appealed.  The final allocation is $783,839.36, payable 75% after August 1, 2025, and 25% after April 1, 2026 (the "Settlement Payment" and the "Settlement"). There is a reserve of 1.5% for medical liens, although Special Counsel advises that there are no medical liens, so an additional recovery may be received if the Claims Processor confirms that there are no medical liens.  The Trustee notes that the claims filed against the Estate do not appear to include debts for medical bills.

The Trustee previously retained the law firm of Freese & Goss, PLLC ("Special Counsel"), together with any of Special Counsel's co-counsel, on a 40% contingency fee basis.  By this motion, the Trustee also seeks to pay Special Counsel and co-counsel their contingency fee plus expenses of $8,171.35.

Under a separate, prior a settlement, the Trustee and the Debtor agreed to split evenly (50/50) the net proceeds of any settlement after the fees and costs of Special Counsel and co-counsel.

The proposed settlement will allow the Trustee to pay a meaningful distribution to creditors without further delay.  Although it is possible that circumstances will change before the case is closed, the Trustee makes the following projections:

| | |
|---|---|
| Settlement amount (net after medical liens and admin. fee): | $783,839.36 |
| Less:  40% contingency fee | <$313,535.73> |
| Costs | <$8,171.35> |
| Subtotal | $462,132.28 |
| 50/50 split with Debtor: | @$231,066.14 |
| Less other admin. expenses (projected, subject to allowance) | |
| Trustee (statutory fee) | $30,685[1] |

---

[1]  Based on $783,839.36 of total distributions, less $231,066.14 going to the Debtor.

| | |
|---|---|
| Danning, Gill, Israel & Krasnoff, LLP | $31,648 |
| Levene, Neale, Bender, Yoo & Golubchik L.L.P.(estimate) | $30,000 |
| Accountants (estimate) | $7,500 |
| Reserve | $10,000 |
| Subtotal for Creditors (estimated) | $121,233.14 |

At this time, 4 proofs of claim have been filed against the Estate aggregating $192,022.67.

By the Motion, the Trustee seeks approval of the Settlement and authority to pay Special Counsel and its co-counsel their 40% contingency fee plus expenses of $8,171.35.

The Motion will be based on this notice and the Motion, the Memorandum of Points and Authorities, the Declarations of Brad D. Krasnoff and Peter De La Cerda and the Request for Judicial Notice, all of which are attached thereto, the papers and pleadings in the Debtor's bankruptcy case, and such other evidence that may be presented at the hearing. For further information, see the Motion.

NOTICE IS HEREBY FURTHER GIVEN that, pursuant to Local Bankruptcy Rule 9013-1(f), any response to the Motion shall be in writing, filed with the Court and served upon counsel for the Trustee named in the upper left-hand corner of this notice, and the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, California 90017, not less than 14 days before the hearing. Failure to do so may be deemed to be consent to the granting of the Motion.

DATED:  August 14, 2025

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By:  _____*/s/ Eric P. Israel*_____
     ERIC P. ISRAEL
     Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **TRUSTEE'S NOTICE OF MOTION AND MOTION TO APPROVE COMPROMISE WITH ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF BRAD D. KRASNOFF AND PETER DE LA CERDA AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 14, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Leslie M Klott    Leslie.Klott@carringtonmh.com
- Christopher A, Minier    cminier@go2.law, kadele@go2.law;dfitzgerald@go2.law;cmeeker@go2.law
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Johnny White    JWhite@wrslawyers.com, jlee@wrslawyers.com

**2.  SERVED BY UNITED STATES MAIL**: On **August 14, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| The Schroeder Firm, LLC<br>138 33rd Avenue S.<br>Jacksonville Beach, FL 32250 | Freese & Goss, PLLC<br>3500 Maple Avenue, Suite 1100<br>Dallas, TX 75219 | Matthews & Associates<br>2905 Sackett St.<br>Houston, TX 77098 |
| Ferrer Poirot & Wansbrough<br>2603 Oak Lawn Avenue, Suite 300<br>Dallas, TX 75219-9109 | Damien Stephen Navarro<br>4328 Edenhurst Ave.<br>Los Angeles, CA 90039 | Peter De La Cerda<br>Freese & Goss, PLLC<br>3500 Maple Avenue, Suite 1100<br>Dallas, TX 75219 |

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 14, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA EMAIL**
- Damien Stephen Navarro - damiensnavarro@gmail.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 14, 2025 | D. Woo | /s/ D. Woo |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**